TYSON, Judge.
David K. Kelly appeals from the summary denial of his pro se petition for writ of habeas corpus, challenging the constitutionality of a disciplinary proceeding which resulted in the loss of four months’ good time and thirty days of store and visitation privileges. In the habeas corpus petition Kelly specifically asserted that the institutional officers took disciplinary action against him without providing him with a proper statement as to the reasons for their actions and the evidence upon which they relied. The habeas corpus. petition was denied based upon the State’s motion which simply attached a summary statement of the disciplinary court to same. This statement simply stated:
“On October 13, 1983, you made allegations of illegal and immoral activities on the part of a Staton employee which could have been highly detrimental to the career of that employee. On October 31, 1983 when you faced a polygraph examination, you confessed your allegations was a total fabrication. Your actions were designed to gain certain favorable consideration.”
The summary statement also indicates that the “Chairman of the Board contacted Mr. John Copeland, I & I, and he stated that Kelly confessed to lying to the State Investigators.” Nowhere does this summary statement show when such allegedly false *1019 statements were made or to whom such false statements were made.
I
This court in Rice v. State, [Ms. 5 Div. 885, June 12, 1984] (Ala.Crim.App.1984), speaking through Judge Patterson, noted:
“The correct method for challenging the decision of a state disciplinary board is by petitioning the appropriate circuit court for a writ of habeas corpus. Williams v. Davis, 386 So.2d 415 (Ala.1980); Washington v. State, 405 So.2d 62 (Ala. Crim.App.1981); Fielding v. State, 409 So.2d 964 (Ala.Crim.App.1981), cert. denied, 409 So.2d 964 (Ala.1982). Habeas corpus is the appropriate remedy in this case.”
II
Further, this court, again speaking through Judge Patterson, in Spooner v. State, 451 So.2d 429 (Ala.Crim.App.1984), stated:
“In Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court held that due process requires that an inmate involved in a prison disciplinary proceeding must be provided with a written statement by the factfind-ers as to the evidence relied upon and the reasons for the disciplinary action taken. Id. at 565. The written statement protects the inmate from possible collateral consequences based on a misunderstanding of the nature of the original proceeding and from arbitrary action by prison officials and enables him to ‘propound his own cause’ subsequent to the hearing. Id. at 565.”
III
In the case at bar, all that was before the trial court was the summary statement with reference to the action of the disciplinary court. This, as indicated above, simply reiterated the result of the Board’s action without indicating when the allegedly false statements were made or to whom the statements were made.
The summary report, before the trial court, does not indicate that any witnesses actually appeared before the disciplinary court. Moreover, the inmate, Kelly, complains that he was not given an opportunity to be heard, or to hear the statements of the witnesses against him. He simply was informed of the results at a later time.
This denial of an opportunity to be heard, to present witnesses and to cross-examine and confront adverse witnesses is a complete denial of the due process clause of the Fourteenth Amendment of the United States Constitution. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); Williams v. Davis, 386 So.2d 415 (Ala.1980).
In light of the allegations herein made and the failure to furnish a proper statement showing the reasons as determined by the factfinders and further as to the evidence upon which they relied, this court has no choice but to reverse and remand this cause for a proper hearing consistent with the requirements of due process of law. Counsel should be appointed to assist the petitioner and the trial court should set this, cause for hearing at an appropriate date and inquire into the merits of this petitioner’s allegations.
This cause is hereby reversed and remanded to circuit court with instructions that a hearing be held on the merits of this petitioner’s allegations.
The initial order denying the habeas corpus petition is hereby set aside and vacated.
REVERSED AND REMANDED.
All the Judges concur.