TYSON, Judge.
Ignacio Diaz appeals from the summary denial of his pro se petition for writ of habeas corpus challenging the constitutionality of a disciplinary proceeding which resulted in the loss of two months, five days good time credit and the loss of store, telephone and visitation privileges for a period of 30 days. In the habeas corpus petition, Diaz specifically asserts that the institutional officers took disciplinary action against him without providing him with a proper statement as to the reasons for their actions and the evidence upon which they relied. The habeas corpus petition was denied based upon the State’s motion to dismiss which simply attached a summary statement of the disciplinary court to same. This statement simply stated:
“Plead not guilty. I met Beverly at Jack’s in Selma. She asked me if she could see me at work. She came to the job and I got permission from my employer to go off with her. I couldn’t get back to Camden W/R. I started hitchhiking and ended up in Anniston. ARRESTING OFFICER: The van returned and inmate Diaz was not on it. We ' contacted his employer who said that inmate Diaz had left the job site with Beverly Oliver and had not returned. The cab company was contacted and reported that they put inmate Diaz out on Hwy. 29 and he was hitchhiking north. Inmate Diaz contacted the center later but refused to say where he was. He did surrender on 9/7/84.
“Committee findings & reasons: GUILTY due to officer’s statement that on 9/6/84, at approximately 3:00 p.m., inmate Diaz left his job site in Selma with Beverly Oliver and did not return to the job site. He also did not return to Camden W/R on the van and was later located in Anniston, AL.”
As shown above, the summary statement indicates that the employer was contacted and reported that the appellant left with one Beverly Oliver and had not returned. It also indicates the “cab company was contacted and reported that they put inmate Diaz out on Hwy. 29 and he was hitchhiking north.” Nowhere does this summary statement show to whom the statements were made or when these statements were made.
I
In Kelly v. State, 455 So.2d 1018 (Ala.Crim.App.1984), we find the following:
“This court in Rice v. State, [Ms. 5 Div. 885, June 12, 1984] 460 So.2d 254 (Ala. Crim.App.1984), speaking through Judge Patterson, noted:
‘The correct method for challenging the decision of a state disciplinary board is by petitioning the appropriate circuit court for writ of habeas corpus. Williams v. Davis, 386 So.2d 415 (Ala.1980); Washington v. State, 405 So.2d 62 (Ala.Crim.App.1981); Fielding v. State, 409 So.2d 964 (Ala.Crim.App.1981), cert. denied, 409 So.2d 964 (Ala.1982). Habeas corpus is the appropriate remedy in this case.’
II
“Further, this court, again speaking through Judge Patterson, in Spooner v. *173 State, 451 So.2d 429 (Ala.Crim.App.1984), stated:
“ ‘In Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court held that due process requires that an inmate involved in a prison disciplinary proceeding must be provided with a written statement by the factfind-ers as to the evidence relied upon and the reasons for the disciplinary action taken. Id. at 565 [94 S.Ct. at 2979]. The written statement protects the inmate from possible collateral consequences based on a misunderstanding of the nature of the original proceeding and from arbitrary action by prison officials and enables him to ‘propound his own cause’ subsequent to the hearing. Id. at 565 [94 S.Ct. at 2979]’ ”.
Ill
In the case at bar, all that was before the trial court was a summary statement with reference to the action of the disciplinary court. This, as indicated above, simply reiterated the result of the board’s action without indicating to whom the statements were made with reference to the disappearance of Diaz or who allegedly took Diaz “out Hwy. 29 and left him hitchhiking”.
Moreover, this summary report before the trial court does not indicate that any witnesses actually appeared before the disciplinary court. Likewise, it does not show that Diaz was given an opportunity to cross-examine any of these witnesses against him. He simply was informed of the results at a later date.
It is true that Diaz did appear before the disciplinary court and testify himself. However, the opportunity to present witnesses and to cross-examine same and to confront adverse witnesses is a complete denial of the due process clause of the Fourteenth Amendment of the United States Constitution. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); Williams v. Davis, 386 So.2d 415 (Ala.1980).
In light of the allegations herein made and the failure to furnish a proper statement showing the complete findings by the factfinders and all of the evidence upon which they relied, this court has no choice but to reverse and remand this cause for proper hearing consistent with the requirements of due process of law. Counsel should be appointed to assist this petitioner and the trial court should set this cause for hearing at an appropriate date and inquire into the merits of this petitioner’s allegations.
This cause is hereby reversed and remanded to circuit court with instructions that a hearing be held on the merits of this petitioner’s allegations.
The initial order denying the habeas corpus petition is hereby set aside and vacated.
REVERSED AND REMANDED.
All the Judges concur.