McMILLAN, Judge.
Gayle August Hudson appeals from the summary denial of his pro se petition for writ of habeas corpus challenging the constitutionality of a disclipinary proceeding which resulted in the loss of four months' good time. For the reasons outlined below, we reverse the judgment and remand this matter to the trial court for a hearing on the merits of appellant’s allegations.
On January 22, 1981, the appellant, while an inmate at the Atmore Correctional Facility, was found guilty of the offense of “destruction and theft of state property.” The facts surrounding the charges are stated in the “notice of disciplinary board hearing” as follows:
“That you did remove the coin box from the coffee machine in the T.V. trailer and did damage it and remove approximately $153.40. Portions of this money belonged to the Atmore CBF Inmate Welfare Fund and Canteen Services Inc.”
After a hearing on the charges, the appellant was found guilty. This finding was “based on the evidence of the arresting officer and the two State witnesses.”[1]
*78 On October 4, 1984, the appellant filed a “petition for a writ of habeas corpus,” alleging that he was denied “due process of law” in connection with the January 1981 hearing. In response to the petition, the State filed a motion to dismiss, stating, among other things, that the appellant was “given the full range of due process to which he was entitled at the time.” The State also argued that the issues raised by the appellant should be governed by the applicable statute of limitations; the doctrine of “mootness”; and the doctrine of laches. Attached to the State’s motion to dismiss were certified copies of the disciplinary “along with all attachments thereto.”
A review of these documents indicates that, in connection with the disciplinary hearing which occurred on January 22, 1981, two inmates, Jimmy Byce and Ed Abrams, testified against the appellant. According to the disciplinary report, both witnesses read certain statements, but copies of these statements were not included with the documents filed by the State. Reference is also made to the arresting officer’s statement, but a copy of his statement was not attached to the disciplinary report. Nonetheless, as noted above, the finding of guilt is said to be “based on the evidence of the arresting officer and the two State witnesses.”
It is apparent that this does not meet the “written statement” requirements of Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Here, as in Kelly v. State, 455 So.2d 1018, 1019 (Ala.Cr.App.1984), we must conclude as follows:
“In light of the allegations herein made and the failure to furnish a proper statement showing the reasons as determined by the factfinders and further as to the evidence upon which they relied, this court has no choice but to reverse and remand this cause for a proper hearing consistent with the requirements of due process of law.”
See also: Diaz v. State, 474 So.2d 171 (Ala.Cr.App.) cert. denied 474 So.2d 173 (Ala.1985). Additionally, the mere reference to these statements does not constitute a sufficient showing of “substantial evidence of guilt” as required by decisions of this court. Williams v. State, 461 So.2d 1335, 1338 (Ala.Cr.App.), cert. denied, 461 So.2d 1339 (Ala.1984).
The judgment is hereby reversed and the cause remanded to the circuit court with instructions that a hearing be held on the merits of appellant’s petition.
REVERSED AND REMANDED.
All the Judges concur.

. In the initial petition for writ of habeas corpus filed by the appellant, he also challenged the validity of a disciplinary conviction on April 21, 1982, for the offense of “fighting without a weapon.” Counsel at the appellate court level, however, states in his brief that there is "no valid basis for appeal from the plea of guilty made and entered by Hudson on April 21,1982.” *78 Counsel goes on to state "the thrust of this appeal is directed toward the finding of guilty on the charge originating on January 19, 1981.” This opinion is directed toward the 1981 disciplinary hearing only.