JAMES H. FAULKNER, Retired Justice.
Leroy Brown, an inmate at Easterling Correctional Center, filed a petition for writ of habeas corpus on August 21, 1989. On November 8, 1989, the State filed a motion to dismiss the petition and, on January 10, 1990, the circuit court granted the State’s motion to dismiss. Brown appeals from the circuit court’s dismissal of his habeas corpus petition.
In his petition for a writ of habeas corpus, Brown challenged the disciplinary board’s decision to deprive him of 12 months’ good time for an alleged escape from a Montgomery work release facility on February 16, 1977. Brown contends that he was denied due process of law because (1) notice of the disciplinary action was not served on him within the time prescribed by an administrative regulation; (2) the complaint was signed by a Kilby Correctional Facility official instead of by a Montgomery work release employee; (3) the prison disciplinary board was composed exclusively of Kilby Correctional Facility officials and was not impartial; (4) the only evidence supporting the board’s actions was a document which set forth the charges against him; (5) the disciplinary proceedings were not recorded, and the board did not provide him with a statement of the facts upon which it relied in imposing the sanctions against him; and, (6) the circuit court ordered that monies in any of Brown’s accounts be withheld until all court costs in connection with his habeas corpus petition are paid.
We shall address each of Brown’s contentions separately.
(1) Rule 403, III 5. A(l), Alabama Department of Corrections Administrative Regulations, provides that “[a]dvance written notice of the charges against the inmate be given him at least 24 hours before his appearance before the disciplinary committee.” The record reveals that Brown received advance written notice of the charges against him on June 20, 1989, six days before his appearance before the disciplinary committee on June 26, 1989, thereby satisfying the regulation’s notice requirement.
Brown also contends that Rule 403 of the Alabama Department of Corrections Administrative Regulations requires that an arrest for a rules violation be made within 10 calendar days after the violation is reported or discovered, or within 10 calendar days after an escapee is in the Department of Corrections’ custody. This argument is likewise devoid of merit. Rule 403 of the Alabama Department of Corrections Administrative Regulations contains no requirement that an arrest for a rules violation be made within a prescribed time.
(2) Rule 403, III 2., Alabama Department of Corrections Administrative Regulations, provides in pertinent part that an “arrest of an inmate for a rules violation may be made by any employee of the Department of Corrections.” Hence, it was proper for Brown’s arrest complaint to *620 be executed by a Kilby Correctional Facility official.
Brown also contends that, as a resident of a community based facility, he was improperly disciplined for the violation of Rule 403, which applies only to inmates. We disagree.
Rule 403, Alabama Department of Corrections Administrative Regulations, applies to all inmates confined within Alabama Department of Corrections facilities, including penitentiaries and community-based facilities. This regulation, moreover, provides in detail the procedure for selecting a disciplinary committee in a community-based facility. Rule 403, III .1., Alabama Department of Corrections Administrative Regulations.
(3) Rule 403, IV. 1. A., Alabama Department of Corrections Administrative Regulations, provides that the disciplinary committee “must be impartial, meaning that no committee member was the arresting officer, serving officer, witness to the actual incident, an investigating officer, a party to the incident, the victim of the incident, or an official who has approval authority over the disciplinary committee’s recommendations.”
The appointment of members to serve on the disciplinary committee is governed by Rule 403, III 1., Alabama Department of Corrections Administrative Regulations:
“Institutional wardens and directors of community based facilities will appoint persons to serve as chairpersons of the institutional disciplinary committee. The chairperson designated to direct the proceedings will select two other members to compose the committee. When possible these members will consist of one member each from the institutional security staff and the treatment staff, as well as a person of the same race and sex as the inmate. Wardens/directors, or other personnel involved in approval/disapproval of appeals process, or who were involved in investigation of the charges, are not allowed to be members of a disciplinary committee.”
Brown does not contend that the disciplinary committee was partial due to a violation of Rule 403, IV .I.A., Alabama Department of Corrections Administrative Regulations. Rather, Brown argues that the mere fact that all committee members were Kilby Correctional Facility officials makes the committee per se partial. We disagree. Rule 403, III 1., Alabama Department of Corrections Administrative Regulations, states that where possible, the committee members should consist of one member each from the institutional security and treatment staffs. Hence, the regulation favors committee selection from a single institution.
(4) The evidentiary standard required in prison disciplinary hearings was stated in Superintendent, Massachusetts Corrections Institution, Walpole v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985): “We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits.” 472 U.S. at 455, 105 S.Ct. at 2774.
Some of the evidence supporting the decision by the prison disciplinary board to revoke good time credits included: (1) an apprehension report which stated that Brown escaped while on work release in Montgomery on February 16, 1977; (2) testimony that Brown was taken into custody by the Highland Park, Michigan Police Department on May 3, 1989, and extradited to Kilby Correctional Facility; and, (3) Brown’s admission that he was extradited from Michigan. Hence, because some evidence supported the board’s decision to revoke good time credits, the minimum requirements of due process articulated by the United States Supreme Court are satisfied.
(5) Brown’s contention that he did not receive a copy of the facts relied upon in revoking his good time credits is vitiated by Brown’s inclusion of a copy of the disciplinary report as an exhibit to his habeas corpus petition—the report contains a copy of the facts, testimony, and reasons supporting the board’s decision.
*621 Brown’s corollary contention that Rule 403 of the Alabama Department of Corrections Administrative Regulations requires that a disciplinary hearing be held with 72 hours after the complaint is served is likewise without merit. Rule 403, III. 5.E.(1), Alabama Department of Corrections Administrative Regulations, provides that disciplinary hearings will be held within seven calendar days after the inmate has been served his notice of hearing. This seven-day period may be extended if an investigation or other circumstances warrant.
Brown contends that his disciplinary hearing was not tape recorded in violation of Rule 403. Rule 403, IV. 2., Alabama Department of Corrections Administrative Regulations, requires that all non-guilty plea proceeds be recorded on tape:
“All non-guilty plea proceedings, less the closed deliberation of the board will be recorded on tape. The tape number, along with starting and ending locations on the tape, will be carefully recorded on the Disciplinary Report. If inmate requests an appeal at the end of hearing, the tape will be stored in a safe place at the institution holding the disciplinary for one year after final approval of the disciplinary by the Commissioner or his designee.”
The failure of prison officials to follow a state regulation in the taking of good time states a claim for the denial of due process. Rule 403, V.I.C., Alabama Department of Corrections Administrative Regulations.
The spaces on Brown’s disciplinary report for the recordation of the tape number and the starting and ending locations on the tape are noticeably blank. Although this issue was not specifically raised in Brown’s petition, the contention that prison officials failed to follow state procedures in taking good time was before the circuit court in Brown’s brief in support of his summary judgment motion. The circuit court, moreover, based its ruling dismissing Brown’s petition upon a review of not only the petition, but also all pleadings and attachments thereto.
It was, therefore, error for the circuit court to dismiss Brown’s petition and to tax Brown with the costs of appeal without affording Brown an evidentiary hearing to determine whether Brown’s disciplinary hearing complied with Rule 403, Alabama Department of Corrections Administrative Regulations. This case is remanded to the circuit court for the sole purpose of taking testimony to ascertain whether Brown’s disciplinary hearing was tape recorded in compliance with Rule 403.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a Retired Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.