This case presents the issue of whether due process requires that prison officials tape record disciplinary proceedings that result in a prisoner's loss of "good-time" credit.
Leroy Brown, an inmate at Easterling Correctional Center, filed a petition for a writ of habeas corpus to challenge the Alabama Department of Corrections Disciplinary Committee's decision to deprive him of 12 months' good time[1] for an alleged escape from a Montgomery work release facility. The circuit court granted the State's motion to dismiss Brown's habeas corpus petition. Brown appealed the dismissal of his petition to the Court of Criminal Appeals, which reversed the judgment and remanded the cause to the circuit court for a determination of whether the prison officials denied Brown due process because there was no evidence that Brown's prison disciplinary hearing was tape recorded, as required by Rule 403, IV. 2, Alabama Department of Corrections Administrative Regulations. We granted the State's petition for writ of certiorari.
In reversing and remanding, the Court of Criminal Appeals stated:
 "The failure of prison officials to follow a state regulation in the taking of good time states a claim for the denial of due process. Rule 403, V.1.C., Alabama Department of Corrections Administrative Regulations.
 "The spaces on Brown's disciplinary report for the recordation of the tape number and the starting and ending locations on the tape are noticeably blank. . . . [T]he contention that prison officials failed to follow state procedures in taking good time was before the circuit court in Brown's brief in support of his summary judgment motion. The circuit court, moreover, based its ruling dismissing Brown's petition upon a review of not only the petition, but also all pleadings and attachments thereto.
 "It was, therefore, error for the circuit court to dismiss Brown's petition and to tax Brown with the costs of appeal without affording Brown an evidentiary hearing to determine whether Brown's disciplinary hearing complied with Rule 403, Alabama Department of Corrections Administrative Regulations. This case is remanded to the circuit court for the sole purpose of taking testimony to ascertain whether Brown's disciplinary hearing was tape recorded in compliance with Rule 403." *Page 623 
Brown v. State, 592 So.2d 618 (Ala.Crim.App. 1990).
The State argued as follows:
 "A review of the Alabama Department of Corrections Administrative Regulations and applicable case law reveals that the Court of Criminal Appeals erred in reversing and remanding the cause. The reason is threefold: (1) the Rule 403, IV. 2., Alabama Department of Corrections Administrative Regulations, requirement that non-guilty plea proceedings be tape recorded was abolished prior to the defendant's arrest and disciplinary hearing; (2) the violation of a departmental regulation does not a fortiori rise to a Constitutional violation; and (3) Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the case wherein the United States Supreme Court set forth the due process requirements for prison disciplinaries, does not require the taping of disciplinary actions."
From our examination of the State's petition for the writ certiorari, we cannot tell whether the argument now made in this Court was made to the Court of Criminal Appeals and we cannot tell whether, in fact, disciplinary proceedings were required to be tape recorded. We have examined the record for a better understanding of the facts, however, and we conclude that the trial court did not err in dismissing the original habeas corpus petition.
Even assuming that the taping requirement was in effect when the disciplinary hearing was conducted, the Court of Criminal Appeals' decision would be erroneous. The Department of Corrections was not required by the Constitution or by statute to tape record the disciplinary procedures in order to comply with due process requirements.
It is well settled that a violation of an administrative regulation is not tantamount to a constitutional violation unless the regulation is mandated to protect a constitutional right. United States v. Caceres, 440 U.S. 741, 99 S.Ct. 1465,59 L.Ed.2d 733 (1979). Particularly where the internal regulations merely facilitate the administrative internal agency policies and are not necessary to afford significant procedural protections, we do not insist on strict compliance. See Caceres.
Moreover, the taping of disciplinary proceedings is not required in order to comply with due process requirements.Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935
(1974) (cited with approval in Williams v. Davis, 386 So.2d 415
(Ala. 1980). In Wolff, the United States Supreme Court stated that due process required that prisoners in disciplinary proceedings resulting in loss of good-time be afforded advance (no less than 24 hours) notice of the charges; a written statement of the evidence relied on and reasons for the decision of the disciplinary body; the right to be present; the right to present documentary evidence on the prisoner's behalf; a qualified right to have a representative present on the prisoner's behalf; and a qualified right to call witnesses.Wolff, 418 U.S. at 541-42, 94 S.Ct. at 2967-68.
As indicated, Wolff does not require the tape recording of disciplinary actions. Nor is the tape recording of disciplinary actions required under Williams and its progeny. See Ex parteFloyd, 457 So.2d 961 (Ala. 1984); Owens v. State, 507 So.2d 576
(Ala.Crim.App. 1987); Diaz v. State, 474 So.2d 171
(Ala.Crim.App.), writ denied, 474 So.2d 173 (1985). The United States Court of Appeals for the Fifth Circuit specifically addressed recording prison disciplinary proceedings in Ruiz v.Estelle, 679 F.2d 1115 (5th Cir. 1982), modified, 688 F.2d 266, cert. denied, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795
(1983).[2] The Fifth Circuit correctly pointed out: "Wolff v.McDonnell holds that the Constitution requires only a 'written statement by the factfinders as to the evidence relied on and reasons for the *Page 624 
disciplinary action.' It does not require tape recordings." Id. at 1155.
In view of the foregoing, the judgment of the Court of Criminal Appeals is reversed and the cause is remanded for proceedings in accordance with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, SHORES, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] The Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison, but Alabama has provided a statutory right to earn a deduction from the term of sentencing for those prisoners whose record of conduct shows that they have faithfully observed the rules for a specified period. Ala. Code 1975, § 14-9-40 et seq.
[2] Ironically enough, the issue in Ruiz concerned the propriety of instituting the tape recording requirement. The federal court held that the district court did not abuse its discretion by requiring the disciplinary proceedings to be recorded, even though the Constitution itself does not require it.